Moses v. Victoria's Secret Stores, LLC et al                                    Doc. 1

IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE EASTERN DISTRICT OF NEW YORK
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 19 2008 ★

BROOKLYN OFFICE

KIMBERLY MOSES, on her own behalf and
on behalf of all others similarly situated,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,
VICTORIA'S SECRET DIRECT BRAND
MANAGEMENT, LLC., VICTORIA'S
SECRET STORES BRAND MANAGEMENT,
INC., and LIMITED BRANDS, INC.

     Defendants.

**CLASS ACTION COMPLAINT**

CV 08 4688

JURY TRIAL DEMANDED

DEARIE, CH. J.

POHORELSKY, M.J.

Plaintiff, KIMBERLY MOSES, by and through her undersigned attorneys, **PARKER WAICHMAN ALONSO, LLP, BECNEL LAW FIRM LLC and MORGAN & MORGAN** brings this action on her own behalf and on behalf of a Class and Subclass of persons defined below against Defendants, VICTORIA'S SECRET STORES, LLC., VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC., VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, INC., and LIMITED BRANDS, INC. (collectively "Defendants"), and for her complaint alleges, upon information and belief and based on the investigation to date of her counsel, as follows:

## PARTIES

1.   Plaintiff, KIMBERLY MOSES, is a resident of the United States of America, State of New York, County of Kings.

2.   Plaintiff, KIMBERLY MOSES, purchased, used, and suffered adverse effects from undergarments/intimate apparel designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Victoria's Secret Stores, LLC, Victoria's Secret Direct

Dockets.Justia.com

Brand Management, LLC, Victoria's Secret Stores Brand Management, Inc. and Limited Brands, Inc. and, as such, Plaintiff, KIMBERLY MOSES, is a member of the proposed Class and Subclass herein.

3.   Upon information and belief, Defendant, Victoria's Secret Stores, is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Ohio.

4.   Upon information and belief, Defendant, Victoria's Secret Direct Brand Management, LLC is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Ohio.

5.   Upon information and belief, Defendant, Victoria's Secret Stores Brand Management, Inc. is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Ohio.

6.   Upon information and belief, Defendant, Limited Brands, Inc., is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Ohio.

## NATURE OF THE CASE AND OVERVIEW

7.   Plaintiff brings this action on behalf of all persons residing in the United States and on behalf of all persons residing in the State of New York who purchased defective undergarments/intimate apparel designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, Inc. and Limited Brands, Inc. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil

Procedure (hereinafter "F.R.C.P.") to recover compensatory, actual, and punitive damages, equitable, and injunctive relief, and attorneys' fees.

8.      Plaintiff seeks to represent the following Class and Subclass:

**Victoria's Secret Class:** All citizens, residents, or domiciliaries of the United States who have purchased undergarments/intimate apparel designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, Inc. and Limited Brands, Inc. and who suffered adverse physical effects from such undergarments/intimate apparel including but not necessarily limited to allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health ailments and concerns.

**Victoria's Secret Subclass:** All citizens, residents, or domiciliaries of the State of New York who have purchased undergarments/intimate apparel designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, Inc. and Limited Brands, Inc. and who suffered adverse physical effects from such undergarments/intimate apparel including but not necessarily limited to allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health ailments and concerns.

9.      Defendants are now, and at all times relevant hereto, in the business of designing, manufacturing, assembling, inspecting, marketing, selling or distributing undergarments/intimate apparel.

10.     As a result of the negligence of Defendants and the defective nature of their undergarments/intimate apparel, the garments caused injuries including allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns.

11.     At all times relevant hereto, Defendants misrepresented the safety of their undergarments/intimate apparel and they negligently designed, manufactured, assembled,

inspected, marketed, advertised, promoted, sold, and/or distributed their undergarments/intimate apparel as safe.

12.     At all times relevant hereto, Defendants failed to warn of the dangers of their undergarments/intimate apparel, including, but not limited to, the fact that their undergarment/intimate apparel cause serious skin and systemic injuries.

13.     At all times relevant hereto, Defendants knew, and had reason to know, or should have known, that their undergarments/intimate apparel were defective, and thereby defrauded Plaintiff, members of the Plaintiff Class and Subclass, and the population-at-large.

14.     At all times relevant hereto, Defendants knew, and had reason to know, or should have known, that its representations that their undergarments/intimate apparel were safe and effective were materially false and misleading.

15.     As a result of the defective nature of Defendants' product, Plaintiff and others were injured. Defendants knew, had reason to know, or should have known of the defective nature of their product and the resulting risk of injuries, but failed to warn Plaintiff and all other Plaintiff Class and Subclass members and thereby prevented Plaintiff and Plaintiff Class  and Subclass members from making informed choices about the selection, purchase and use of undergarments/intimate apparel.

16.     Upon information and belief, Defendants concealed their knowledge of the defective nature of their products from the Plaintiff, Plaintiff Class and Subclass members, and the population at large.

17.     Consequently, Plaintiffs and all Plaintiff Class and Subclass members seek compensatory damages as a result of their use of Defendants' undergarments/intimate apparel, including physical injury and pain, economic loss, mental anguish, medical and other expenses.

18. Further, Plaintiff and all Plaintiff Class and Subclass members seek relief for themselves, and all others similarly situated, to compensate them, in whole or in part, for the following economic losses which confront them as a result of their reliance upon the safety of Defendants' undergarments/intimate apparel:

   a. the cost of medical expenses, both past and future, including, but not limited to, those unreimbursed by insurance policies, those uninsured, and/or the payment of higher insurance rates due to their use of Defendants' products;

   b. return of any purchase price paid, including, but not limited to, interest on these amounts from the date of purchase, attorney's fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled;

   c. whatever further relief the Court deems just and proper under the circumstances.

## JURISDICTION AND VENUE

19. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 and the Class Action Fairness Act.

20. At all times relevant hereto, Defendants were engaged in the business of designing, manufacturing, assembling, inspecting, marketing, selling and/or distributing undergarments/intimate apparel.

21. At all times relevant hereto, Defendants placed defective undergarments/intimate apparel into the stream of interstate commerce.

22. As a direct and proximate result of Defendants placing defective undergarments/intimate apparel into the stream of interstate commerce, Plaintiff and the Class and Subclass Members have suffered and continue to suffer physical and monetary damages, and will continue to suffer such damages indefinitely.

23.    Upon information and belief, at all times relevant hereto, Defendants were present and doing business in the State of New York and throughout the United States. At all times relevant, Defendants transacted, solicited, and conducted business in the State of New York and throughout the United States and derived substantial revenue from such business.

24.    At all relevant times, Defendants expected or should have expected that its acts would have consequences within the State of New York, and this Court in particular.

## GENERAL ALLEGATIONS

25.    Upon information and belief, Victoria's Secret is the leading specialty retailer of undergarments/intimate apparel, operating over 1,000 stores across the United States. Victoria's Secret also operates a mail order catalogue and an internet website for sales.

26.    Upon information and belief, Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, and Victoria's Secret Stores Brand Management, Inc. are wholly owned subsidiaries of Limited Brands, Inc.

27.    Upon information and belief, Defendants have received numerous complaints about the side effects that consumers were suffering as a result of wearing Defendants' undergarments/intimate apparel, including but not limited to, allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns. At this time, it is not known how long the defective products have been sold.

28.    Defendants negligently designed, manufactured, assembled, inspected, marketed, advertised, promoted, sold and/or distributed their undergarments/intimate apparel, which were unreasonably dangerous in normal use in that the

undergarments/intimate apparel caused allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns.

29.     Defendants failed to adequately warn users of the undergarments/intimate apparel's unreasonably dangerous characteristics.

30.     Defendants owed a legal duty to Plaintiff and Plaintiff Class and Subclass Members to manufacture and sell undergarments/intimate apparel without hidden and/or concealed defects.

31.     Defendants breached such duty which proximately caused Plaintiff's and Plaintiff Class and Subclass Members' damages.

32.     Defendants knew or, in the exercise of reasonable care, should have known that its products were defective and that Plaintiff and Plaintiff Class and Subclass Members might have reasonably been expected to use the products and be affected by its defective condition

33.     This defective condition is a direct and proximate cause of Plaintiff's and Plaintiff Class and Subclass Members' injuries.

## CLASS DEFINITIONS

34.     Plaintiff brings this action pursuant to F.R.C.P. 23 on behalf of herself and all others similarly situated including the Class and Subclass as follows:

**Victoria's Secret Class:** All citizens, residents, or domiciliaries of the United States who have purchased undergarments/intimate apparel designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, Inc. and Limited Brands, Inc. and who suffered adverse physical effects from such undergarments/intimate apparel including but not necessarily limited to allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health ailments and concerns.

**Victoria's Secret Subclass:** All citizens, residents, or domiciliaries of the State of New York who have purchased undergarments/intimate apparel designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Victoria's Secret Stores, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, Inc. and Limited Brands, Inc. and who suffered adverse physical effects from such undergarments/intimate apparel including but not necessarily limited to allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health ailments and concerns.

35. Excluded from the Class and Subclass are:

a. Defendants' officers and directors;

b. any judge or judicial officer assigned to this matter and his or her immediate family; and

c. any legal representative, successor, or assign of any excluded person or entity.

## CLASS ACTION ALLEGATIONS

36. <u>Numerosity of the Class and Subclass:</u> The proposed Class and Subclass is so numerous that joinder is impractical. The disposition of these claims through this Class Action will be more efficient and will benefit the parties and the Court. The identities of the individual members of the class are ascertainable through, *inter alia*, medical and pharmaceutical records, sales receipts and/or corporate records. Further, Class and Subclass Members may be informed of the pendency of the class action by direct mail, internet, or other means.

37. <u>Predominance of the Common Questions of Fact and Law:</u> A well-defined community of interest in the questions of law and fact common to the Victoria's Secret Class and Subclass predominate over questions affecting only individual Class and Subclass Members including, but not limited to:

a. Whether Defendants manufactured and/or marketed and sold a defective product;

b. Whether Defendants failed to give adequate and timely warning of the dangers of their undergarments/intimate apparel;

c. Whether Defendants concealed adverse information from Plaintiff and the Plaintiff Class and Subclass regarding their undergarments/intimate apparel;

d. Whether Defendants violated applicable State consumer protection laws, including New York State Law;

e. Whether Plaintiff and the Class and Subclass Members are entitled to recover compensatory, exemplary, punitive, and/or other damages as a result of Defendants' negligent and unlawful conduct;

f. What the proper mechanism is for assessing and awarding damages and administering relief to Class and Subclass Members, including the relief to reduce the threat of future harm to Class and Subclass Members;

g. Whether Defendants' conduct in manufacturing, failing to warn, selling and/or promoting and/or marketing and/or distributing their undergarments/intimate apparel fell below the duty of care owed by Defendants to Plaintiff and members of the Plaintiff Class and Subclass;

h. Whether Defendants negligently, recklessly, or intentionally concealed information about the safety of their undergarments/intimate apparel from the Plaintiff and Plaintiff Class and Subclass;

i. Whether Defendants are strictly liable in tort for selling a defective product;

j. Whether Defendants' conduct constitutes fraudulent concealment;

k. Whether Defendants' conduct constitutes fraudulent misrepresentation;

l. Whether Defendants' conduct constitutes negligent misrepresentation;

m. Whether Defendants' conduct constitutes negligence;

n. Whether Defendants are liable for intentional and/or negligent infliction of emotional distress;

o. Whether Defendants breached express warranties;

p. Whether Defendants breached implied warranties of merchantability;

q. Whether Plaintiff Class and Subclass Members have sustained irreparable harm and whether they are entitled to equitable relief including restitution and/or refund and, if so, the nature and extent of such damages;

r. Whether the Plaintiff Class and Subclass is entitled to compensatory damages and, if so, the nature and extent of such damages;

s. Whether Defendants are liable for punitive damages and, if so, how much is necessary and appropriate to punish them for their conduct, deter others and fulfill the policies and purposes of punitive and/or exemplary damages;

t. How any and all punitive and/or exemplary damages awarded to Plaintiffs should be equitably allocated among the Plaintiff and the Plaintiff Class and Subclass;

u. Whether Defendants acted to defraud, misrepresent, and deceive the Plaintiff and/or the Plaintiff Class and Subclass;

v. Whether Defendants failed to adequately test their products.

w. Whether Defendants failed to adequately reveal the results, if any, that were yielded by the testing of their product to the Plaintiff, Plaintiff Class and Subclass, and regulatory bodies;

x. Whether Defendants failed to adequately warn of the adverse effects of their undergarments/intimate apparel; and

y. Whether the safety defects in the Defendants' undergarments/intimate apparel constitute a design defect for purposes of strict products liability.

38. <u>Typicality:</u> Having been a victim of Defendants' unlawful and negligent conduct, Plaintiff is a member of the Victoria's Secret Class and Subclass. Plaintiff purchased and wore Victoria's Secret undergarments/intimate apparel. All members of the Class and Subclass have purchased and worn Victoria's Secret undergarments/intimate apparel. Plaintiff and members of the Victoria's Secret Class and Subclass have similarly suffered harm arising from Defendants' violations of law and negligent conduct as alleged herein.

39. <u>Adequacy of Representation:</u> Plaintiff is an adequate representative of the Plaintiff Class and Subclass because she is a member of the Plaintiff Class and Subclass and her interests do not conflict with the interests of the members of the Plaintiff Class and

Subclass she seeks to represent. Further, Plaintiff is represented by experienced and able counsel who have litigated numerous mass tort and products liability class actions, and they intend to prosecute this action vigorously for the benefit of the entire Plaintiff Class and Subclass. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the Plaintiff Class and Subclass.

40. Superiority: A class action is superior to other available methods for the efficient adjudication of this litigation since individual litigation of each Class Members' claim is impracticable. It would be unduly burdensome to the courts in which individual litigations would proceed. Further, individual litigations present a potential for inconsistent and/or contradictory judgments and further increases the delay and expense to all parties and the courts. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court. Additionally, notice of the pendency and/or resolution of this class action can be provided to Class Members and Subclass Members by direct mail, as upon information and belief, Defendants herein have kept detailed records as to their sale of their undergarments/intimate apparel.

41. This action is also properly certified under the provisions of F.R.C.P. 23 because:

    a.    the prosecution of separate actions by individual members of the Class would create a risk of inconsistency of varying adjudications with respect to individual Class and Subclass Members, thus establishing incompatible standards of conduct for Defendants; and

    b.    due to the nature of the relief sought, the prosecution of separate actions by the individual members of the Class and Subclass would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Class and Subclass not parties to such adjudications or would substantially impair or impede the ability of such members of the Class and Subclass to protect their interests.

## EQUITABLE TOLLING OF THE APPLICABLE STATUTES OF LIMITATIONS

42.     The running of any statute of limitations has been tolled by reason of Defendants' fraudulent concealment. Defendants, through failing to disclose a known defect to Plaintiff or Class and Subclass Members, and misrepresenting their product as safe for its intended use, actively concealed from Plaintiff and the Class and Subclass the true risks associated with their undergarments/intimate apparel.

43.     As a result of Defendants' actions, Plaintiff and the Class and Subclass could not reasonably know or have learned through reasonable diligence of the manufacturing defect and that Plaintiff and Class and Subclass Members had been exposed to the risks alleged herein and that those risks were a direct and proximate result of Defendants' acts and omissions.

44.     Furthermore, Defendants are estopped from relying on any statute of limitations because of their fraudulent concealment of the defective nature of their undergarments/intimate apparel. Defendants were under a duty to disclose the true character, quality, and nature of their products because this was non-public information over which the Defendants had, and continue to have, exclusive control, and because Defendants knew that this information was not available to the Plaintiff and Class and Subclass Members, medical providers and/or to their facilities. In addition, the Defendants are estopped from relying on any statute of limitations because of their concealment of these facts.

45.     Plaintiff and the Class and Subclass had no knowledge that Defendants were engaged in the wrongdoing alleged herein. Because of the fraudulent acts of concealment of wrongdoing by the Defendants, the Plaintiff and the Class and Subclass could not have reasonably discovered the wrongdoing at any time. Plaintiff, the Class and Subclass and

medical professionals could not have possibly conducted studies to determine the nature, extent and identity of related health risks dealing with the manufacturing defect of Defendants' undergarments/intimate apparel and were forced to rely only on Defendants' representations.

## FIRST CAUSE OF ACTION AS AGAINST THE DEFENDANTS
## NEGLIGENCE AND NEGLIGENCE *PER SE*

46.     Plaintiff, KIMBERLY MOSES, individually and on behalf of all others similarly situated, repeats, reiterates and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

47.     Defendants had a duty to exercise reasonable care in designing, manufacturing, assembling, marketing, selling and/or distributing undergarments/intimate apparel the Defendants placed into the stream of commerce, including a duty to assure that the product would perform as intended, marketed, promoted, and/or advertised and/or did not cause users to suffer unreasonable, dangerous side effects.

48.     Defendants failed to exercise ordinary care in the designing, manufacturing, assembling, inspecting, marketing, selling and/or distributing undergarments/intimate apparel into the stream of commerce in that Defendants knew or should have know that the product was defective, did not function as intended and/or created a high risk of unreasonable, dangerous side effects, including, but not limited to, allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns.

49.     The negligence of the Defendants, their agents, servants, and/or employees, included, but was not limited to, the following acts and/or omissions:

a. designing, manufacturing, assembling, formulating, creating, inspecting, marketing, selling and/or distributing undergarments/intimate apparel without thoroughly testing it;

b. designing, manufacturing, assembling, formulating, creating, inspecting, marketing, selling and/or distributing undergarments/intimate apparel without adequately testing it;

c. selling undergarments/intimate apparel without performing proper and sufficient tests to determine the dangers to its users;

d. negligently failing to adequately and correctly warn the Plaintiffs and Plaintiff Class and Subclass Members, the public, and the medical and healthcare profession, of the dangers of Defendants' undergarments/intimate apparel;

e. negligently failing to recall or otherwise notify users at the earliest date that it became known that said product was, in fact, dangerous and defective;

f. negligently advertising and recommending the use of the aforesaid without sufficient knowledge as to its manufacturing defect and dangerous propensities;

g. negligently representing that Defendants' undergarments/intimate apparel was safe for its intended purpose when, in fact, its safety is questionable;

h. negligently manufacturing undergarments/intimate apparel in a manner which was dangerous to its users;

i. negligently designing undergarments/intimate apparel in a manner which was dangerous to its users;

j. negligently producing undergarments/intimate apparel in a manner which was dangerous to its users;

k. negligently assembling undergarments/intimate apparel in a manner which was dangerous to its users;

l. concealing information concerning reports received of adverse effects from the Plaintiff and Plaintiff Class and Subclass Members while knowing that Defendants undergarments/intimate apparel were unsafe, dangerous and non-conforming with accepted industry standards; and

m. improperly concealing and/or misrepresenting information from the Plaintiff and Plaintiff Class and Subclass Members, healthcare

professionals and/or the public, concerning the severity of risks and dangers of Defendants' undergarments/intimate apparel and/or the manufacturing defect.

50.     Defendants under-reported, underestimated, and/or downplayed the serious dangers and the defective nature of Defendants' undergarments/intimate apparel.

51.     Defendants were negligent in the designing, researching, supplying, manufacturing, promoting, packaging, distributing, testing, advertising, warning, marketing, and sale of Defendants' undergarments/intimate apparel in that they:

a.      failed to use due care in designing and manufacturing their undergarments/intimate apparel so as to avoid the aforementioned risks when the undergarments/intimate apparel was used for its intended purpose;

b.      failed to accompany their product with proper warnings regarding all possible adverse side effects concerning the failure and/or defective nature of their undergarments/intimate apparel;

c.      failed to accompany their product with accurate warnings regarding all possible adverse side effects associated with the use of their undergarments/intimate apparel given its defective nature;

d.      failed to warn Plaintiff and Plaintiff Class and Subclass Members of the severity and duration of such adverse side effects;

e.      failing to conduct testing, including clinical testing and post-marketing surveillance to determine the safety of their undergarments/intimate apparel;

f.      failing to warn Plaintiff and Plaintiff Class and Subclass Members, prior to actively encouraging the sale of their undergarments/intimate apparel either directly or indirectly, orally or in writing, about the defective nature of the product; and were otherwise negligent.

52.     Upon information and belief, despite the fact that Defendants knew or should have known that their undergarments/intimate apparel caused unreasonably dangerous side effects due to its manufacturing defect, Defendants continued to market, manufacture, distribute and/or sell undergarments/intimate apparel to consumers, including the Plaintiffs and Plaintiff Class and Subclass Members.

53. Defendants knew or should have known that consumers such as Plaintiff and Plaintiff Class and Subclass Members would foreseeably suffer injury, both physical and economic, and/or be at an increased risk of suffering injury as a result of Defendants' failure to exercise ordinary care, as well as Defendants' negligent manufacturing process, as set forth above.

54. Defendants' actions and/or inactions, as set forth herein, by virtue of violating statutes, ordinances and/or rules and/or regulations, constitute negligence per se.

55. Defendants knew or should have known that consumers such as the Plaintiffs would foreseeably suffer injury, and/or be at increased risk of suffering injury, including personal injuries and financial harm, as a result of Defendants' failure to exercise ordinary care, as well as Defendants' negligent manufacturing process, as set forth above.

56. Defendants' negligence was the proximate cause of Plaintiff's and Plaintiff Class and Subclass Members' injuries, harm and economic loss which they suffered and will continue to suffer.

57. By reason of the foregoing, Plaintiff and Plaintiff Class and Subclass Members experienced and/or are at risk of experiencing serious and dangerous side effects, and have incurred financial damage and injury.

58. As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class and Subclass Members require and/or will require more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff and Plaintiff Class and Subclass are informed and believe and further allege that Plaintiffs will in the future be required to obtain further medical and/or hospital care, attention, and services.

## SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS
## STRICT LIABILITY

59. Plaintiff, KIMBERLY MOSES, individually, and on behalf of all others

similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

60.     At all times herein mentioned, Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed undergarments/intimate apparel used by Plaintiff, KIMBERLY MOSES, and the Plaintiff Class and Subclass Members.

61.     Defendants' undergarments/intimate apparel were expected to, and did, reach the usual consumers, handlers, and persons coming into contact with said product without substantial change in the condition which it was produced, manufactured, sold, distributed, and marketed by the Defendants.

62.     At those times, the Defendants' undergarments/intimate apparel was in an unsafe, defective, and inherently dangerous condition which was unreasonably dangerous to its users and, in particular, Plaintiff, KIMBERLY MOSES, and members of the Plaintiff Class and Subclass.

63.     Defendants' undergarments/intimate apparel were so defective in design or formulation or manufacture that when it left the hands of the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design, formulation or manufacture of Defendants' undergarments/intimate apparel.

64.     At all times herein mentioned, Defendants' undergarments/intimate apparel were in a defective condition and unsafe, and Defendants knew, had reason to know, or should have known that said product was defective and unsafe, especially when used in the form and manner as provided by Defendants.

65.     Defendants knew, or should have known, that at all times herein mentioned

Defendants' undergarments/intimate apparel was/is inherently dangerous and unsafe.

66. At the time of use of Defendants' undergarments/intimate apparel by Plaintiff, KIMBERLY MOSES, Plaintiffs and members of the Plaintiff Class and Subclass utilized the undergarments/intimate apparel for the purposes and manner normally intended.

67. Defendants had a duty to create a product that was not unreasonably dangerous for its normal, intended use.

68. Defendants' undergarments/intimate apparel were designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed in a defective condition by Defendants and were unreasonably dangerous to its intended users, including Plaintiff, KIMBERLY MOSES, and members of the Plaintiff Class and Subclass.

69. Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed a defective product which created an unreasonable risk to the health of consumers thereof and to Plaintiff, KIMBERLY MOSES, and members of the Plaintiff Class and Subclass. Defendants are, therefore, strictly liable for the injuries sustained by the Plaintiff and Plaintiff Class and Subclass Members.

70. Neither the Plaintiff, KIMBERLY MOSES, nor the members of the Plaintiff Class and Subclass, acting as a reasonably prudent person, could discover that Defendants' undergarments/intimate apparel were defective as herein mentioned or perceive its danger.

71. The undergarments/intimate apparel designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by Defendants were defective due to inadequate warnings or instructions as the Defendants knew, or should have known, that the defective product created a risk of serious and dangerous side effects including, but not limited to, allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring,

systemic reactions and other health concerns.

72. Defendants' undergarments/intimate apparel as designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by Defendants are defective due to inadequate warnings and/or inadequate testing.

73. Defendants' undergarments/intimate apparel as designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by Defendants are defective due to inadequate post-marketing surveillance and/or warnings because, upon information and belief, sales continued after Defendants knew, or should have known, of the manufacturing defect and risk of serious side effects including, but not limited to, allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health ailments and concerns.

74. By reason of the foregoing, the Defendants are strictly liable in tort to the Plaintiff, KIMBERLY MOSES, and members of the Plaintiff Class and Subclass for the manufacturing, promoting, distribution, and selling of a defective product, Defendants' undergarments/intimate apparel.

75. Defendants' defective design, manufacturing defect, and inadequate warnings of the dangers associated with Defendants' undergarments/intimate apparel were acts that amount to willful, wanton, and/or reckless conduct by Defendants.

76. Said defects in Defendants' undergarments/intimate apparel were a substantial factor in causing Plaintiff's and Plaintiff Class and Subclass Members' injuries and/or placing Plaintiff and members of the Plaintiff Class and Subclass at increased risk of serious injury and/or harm.

77. As a direct and proximate result of the defective condition of Defendants' undergarments/intimate apparel as manufactured and sold by Defendants, Plaintiff and

members of the Class and Subclass suffered, and will continue to suffer, damages.

78.     By reason of the foregoing, Plaintiff and Plaintiff Class and Subclass Members experienced, and/or are at risk of experiencing, serious and dangerous side effects, and have incurred financial damage and injury.

79.     As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class and Subclass Members required, and/or will require, more health care and services and did incur medical, health and incidental and related expenses. Plaintiff and Plaintiff Class and Subclass Members are informed and believe, and further allege, that Plaintiff and Plaintiff Class and Subclass Members will in the future be required to obtain further medical and/or hospital care, attention, and services.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
## BREACH OF EXPRESS WARRANTY

80.     Plaintiff, KIMBERLY MOSES, individually, and on behalf of all others similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

81.     Defendants expressly warranted that Defendants' undergarments/intimate apparel was safe and well accepted by users.

82.     Defendants' undergarments/intimate apparel do not conform to these express representations because Defendants' undergarments/intimate apparel are not safe and are associated with numerous side effects not accurately warned about by Defendants. As a direct and proximate result of the breach of said warranties, Plaintiff, KIMBERLY MOSES, and Plaintiff Class and Subclass Members suffered, and/or will continue to suffer, and/or are at an increased risk to suffer, severe and permanent personal injuries, harm, and/or economic loss.

83. Plaintiff, KIMBERLY MOSES, and Plaintiff Class and Subclass Members did rely on the express warranties of the Defendants herein.

84. The Defendants herein breached the aforesaid express warranties, as Defendants' undergarments/intimate apparel was defective.

85. Defendants expressly represented to Plaintiff and the Plaintiff Class and Subclass that Defendants' undergarments/intimate apparel are safe, efficacious, and fit for use for the purposes intended, that the Defendants' undergarments/intimate apparel are of merchantable quality, that Defendants' undergarments/intimate apparel did not produce any dangerous side effects, and that Defendants' undergarments/intimate apparel were adequately tested and fit for its intended use.

86. Defendants knew or should have known that the aforesaid representations and warranties are false, misleading and untrue in that Defendants' undergarments/intimate apparel are not fit for the use intended and, in fact, produced serious injuries to the users that are not accurately identified and represented by the Defendants because Defendants' undergarments/intimate apparel were negligently manufactured and/or designed.

87. Defendants expressly represented to Plaintiff and the Plaintiff Class and Subclass that Defendants' undergarments/intimate apparel are safe, efficacious, and fit for use for the purposes intended, that the Defendants' undergarments/intimate apparel are of merchantable quality, that Defendants' undergarments/intimate apparel did not produce any dangerous side effects, and that Defendants' undergarments/intimate apparel were adequately tested and fit for its intended use.

88. As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class and Subclass Members require, and/or will require, more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff and Plaintiff Class and

Subclass Members are informed, and believe, and further allege, that Plaintiff and Plaintiff Class and Subclass Members will in the future be required to obtain further medical and/or hospital care, attention, and services.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
## BREACH OF IMPLIED WARRANTY

89. Plaintiff, KIMBERLY MOSES, individually, and on behalf of all others similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

90. At all times herein, Defendants manufactured, compounded, portrayed, distributed, recommended, merchandised, advertised, promoted, and sold undergarments/intimate apparel.

91. At the times Defendants marketed, sold, and distributed undergarments/intimate apparel for use by Plaintiff, KIMBERLY MOSES, and Plaintiff Class and Subclass Members, Defendants knew of the use for which Defendants' undergarments/intimate apparel was intended and impliedly warranted the product to be of merchantable quality and fit for such use.

92. The Defendants impliedly represented and warranted to Plaintiff and Plaintiff Class and Subclass Members that Defendants undergarments/intimate apparel was safe and of merchantable quality and fit for the ordinary use for which said product was to be used.

93. Said representations and warranties aforementioned are false, misleading, and inaccurate in that Defendants' undergarments/intimate apparel are unsafe, unreasonably dangerous, improper, not merchantable quality, and defective and cause injury to its consumers.

94.     Plaintiff, KIMBERLY MOSES, and Plaintiff Class and Subclass Members relied on said implied warranty of merchantability of fitness for a particular use and purpose.

95.     Plaintiff, KIMBERLY MOSES, and Plaintiff Class and Subclass Members reasonably relied upon the skill and judgment of Defendants as to whether Defendants' undergarments/intimate apparel was of merchantable quality and safe and fit for their intended use.

96.     Defendants' undergarments/intimate apparel was placed into the stream of commerce by Defendants in a defective, unsafe, and inherently dangerous condition and the products and materials were expected to, and did, reach users, handlers, and persons coming into contact with said product without substantial change in the condition in which they were sold.

97.     The Defendants herein breached the aforesaid implied warranties, as Defendants' undergarments/intimate apparel were not fit for their intended purposes and uses.

98.     By reason of the foregoing, Plaintiff and Plaintiff Class and Subclass Members experienced, and/or are at risk of experiencing, serious and dangerous side effects, as well as have incurred financial damage and injury.

99.     As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class and Subclass Members require, and/or will require, more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff and Plaintiff Class and Subclass Members are informed and believe, and further allege, that Plaintiff and Plaintiff Class and Subclass Members may in the future be required to obtain further medical and/or hospital care, attention, and services.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
## FRAUDULENT MISREPRESENTATION

100.    Plaintiff, KIMBERLY MOSES, individually, and on behalf of all others similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

101.    The Defendants falsely and fraudulent represented to the Plaintiff and/or Plaintiff Class and Subclass Members and/or the public in general that said products, Defendants' undergarments/intimate apparel, had been tested and was found to be safe and/or effective for use.

102.    That representation made by Defendants was, in fact, false.

103.    When said representations were made by Defendants, upon information and belief, they knew those representations to be false and they willfully, wantonly, and recklessly disregarded whether the representations were true.

104.    These representations were made by Defendants with the intent of defrauding and deceiving the Plaintiff and Plaintiff Class and Subclass Members, all of which evinced reckless, willful, indifference to the health, safety and welfare of the Plaintiff and Plaintiff Class and Subclass Members herein.

105.    At the time the aforesaid representations were made by the Defendants and, at the time the Plaintiff and Plaintiff Class and Subclass Members, Defendants' undergarments/intimate apparel, the Plaintiff and Plaintiff Class and Subclass Members were unaware of the falsity of said representations and reasonably believed them to be true.

106.    In reliance upon said representations, the Plaintiff and Plaintiff Class and Subclass Members were induced to, and did, purchase Defendants' undergarments/intimate apparel thereby sustaining damage and injury and/or being at an increased risk of sustaining

severe and permanent personal injuries in the future.

107. Said Defendants knew, and were aware, or should have been aware, that Defendants' undergarments/intimate apparel had not been sufficiently tested, was defectively manufactured and/or lacked adequate and/or sufficient warnings.

108. Defendants knew, or should have known, that Defendants' undergarments/intimate apparel had a potential to, could, and would cause severe injury to the users of said product.

109. Defendants brought Defendants' undergarments/intimate apparel to the market and acted fraudulently, wantonly, and maliciously to the detriment of the Plaintiff and Plaintiff Class and Subclass Members.

110. By reason of the foregoing, Plaintiff and Plaintiff Class and Subclass Members experienced, and/or are at risk of experiencing, serious and potentially dangerous and disfiguring side effects, as well as have incurred financial damage and injury.

111. As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class and Subclass Members require, and/or will require, more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff and Plaintiff Class and Subclass Members are informed and believe, and further allege, that Plaintiff and Plaintiff Class and Subclass Members will in the future be required to obtain further medical and/or hospital care, attention, and services.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
## NEGLIGENT MISREPRESENTATION

112. Plaintiff, KIMBERLY MOSES, individually, and on behalf of all others similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

113. Defendants had a duty to represent its consumers, and to the Plaitniffs, the members of the Class and Subclass and the public in general that Defendants' undergarments/intimate apparel had been tested and found to be safe for use.

114. The representations made by Defendants were, in fact, false.

115. Defendants failed to exercise ordinary care in the representation of its undergarments/intimate apparel, while involved in its manufacture, sale, testing, quality assurance, quality control, and/or distribution of said product into interstate commerce in that Defendants negligently misrepresented the safety of its undergarments/intimate apparel.

116. Defendants breached their duty in representing the safety of its undergarments/intimate apparel to the Plaintiffs, the members of the Class and Subclass and the public in general.

117. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff and the members of the Class and Subclass have suffered damages. Plaintiff and the members of the Class and Subclass are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS FRAUDULENT CONCEALMENT

118. Plaintiff, KIMBERLY MOSES, individually, and on behalf of all others similarly situated, repeats, reiterates and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

119. At all times during the course of dealing between Defendants and Plaintiff, and/or Plaintiff Class and Subclass Members, Defendants misrepresented the safety of Defendants' undergarments/intimate apparel.

120. At all times during the course of dealing between Defendants and Plaintiff,

KIMBERLY MOSES, and Plaintiff Class and Subclass Members, Defendants misrepresented the safety of Defendants' undergarments/intimate apparel.

121.    Defendants knew, or were reckless in not knowing, that its representations were false.

122.    Defendants fraudulently concealed, and/or intentionally omitted, the fact that Defendants' undergarments/intimate apparel were causing injuries including allergic reactions, contact dermatitis, blistering, itching, hives, rashes, scarring, systemic reactions and other health concerns and was negligently manufactured in this regard.

123.    Defendants fraudulently concealed, and/or intentionally omitted, the fact that the risk of adverse events with the negligently manufactured undergarments/intimate apparel were not adequately tested for and/or known by Defendants.

124.    Defendants fraudulently concealed and/or intentionally omitted the fact that Defendants were aware of complaints regarding adverse side effects and did nothing.

125.    Defendants fraudulently concealed and/or intentionally omitted the fact that Defendants" undergarments/intimate apparel were negligently manufactured.

126.    Defendants were under a duty to disclose to Plaintiff, KIMBERLY MOSES, and Plaintiff Class and Subclass Members, the aforementioned as it pertains to Defendants' undergarments/intimate apparel.

127.    Defendants' concealment and omissions of material facts concerning, *inter alia*, the negligent design and manufacture of Defendants' undergarments/intimate apparel was made purposefully, willfully, wantonly, and/or recklessly to mislead Plaintiff and Plaintiff Class and Subclass Members into reliance and continued purchase and use of Defendants' undergarments/intimate apparel.

128.    Defendants' concealment and omissions of material facts concerning, *inter*

*alia*, the negligent manufacture of Defendants' undergarments/intimate apparel was made purposefully, willfully, wantonly, and/or recklessly to mislead Plaintiff, KIMBERLY MOSES, and Plaintiff Class and Subclass Members into reliance, continued use of Defendants' undergarments/intimate apparel and actions thereon, and to cause them to purchase and/or use Defendants' undergarments/intimate apparel solely for Defendants' financial gain and without regard for the safety of their customers, the Plaintiff herein and the Plaintiff Class and Subclass Members.

129. Defendants knew that Plaintiff, KIMBERLY MOSES, and Plaintiff Class and Subclass Members, had no way to determine the truth behind Defendants' concealment and omissions and that these included material omissions of facts surrounding Defendants' undergarments/intimate apparel as alleged herein.

130. Plaintiff and Plaintiff Class and Subclass Members, reasonably relied on facts revealed which negligently, fraudulently and/or purposefully did not include facts that were concealed and/or omitted by Defendants.

131. By reason of the foregoing, Plaintiff and Plaintiff Class and Subclass Members experienced, and/or are at the risk of experiencing, serious and dangerous side effects, as well as have incurred financial damage and injury.

132. As a result of the foregoing acts and omissions, the Plaintiff and Plaintiff Class and Subclass Members require, and/or will require, more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff and Plaintiff Class and Subclass Members are informed and believe, and further allege, that Plaintiff and Plaintiff Class and Subclass Members will in the future be required to obtain further medical and/or hospital care, attention, and services.

## EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS
## UNFAIR & DECEPTIVE TRADE PRACTICES UNDER STATE LAW

133.    Plaintiff, KIMBERLY MOSES, individually, and on behalf of all others similarly situated, repeats, reiterates, and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if fully set forth herein.

134.    Defendants have a statutory duty to refrain from unfair or deceptive acts or trade practices in the design, development, manufacture, promotion and sale of Defendants' undergarments/intimate apparel.

135.    Had the Defendants not engaged in the deceptive conduct described above, Plaintiffs would not have purchased and/or paid for Defendants' undergarments/intimate apparel and would not have incurred related medical costs.

136.    Defendants' deceptive, unconscionable and/or fraudulent representations and material omissions to consumers, including plaintiff, constituted unfair and deceptive acts and trade practices in violation of the state consumer protection statutes listed below.

137.    Defendants engaged in wrongful conduct while at the same time obtaining, under false pretenses, substantial sums of money from Plaintiffs for the undergarments/intimate apparel that they would not have purchased and paid for had Defendants not engaged in unfair and deceptive conduct.

Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts, or trade practices in violation of state consumer protection statutes, as listed below:

a.    Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Ala. Code §§8-19-1 *et seq.*:

b.      Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Alaska Code §§45.50.471 *et seq.*:

c.      Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Ariz. Rev. Stat. Ann. §§44=1522 *et seq.*:

d.      Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Ark. Code Ann. §§4-88-101 *et seq.*:

e.      Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Cal. Civ. Code §§1770 *et seq.* and Cal. Bus. & Prof. Code §§17200 *et seq.*

f.      Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices or has made false representations in violation of Colo. Rev. Stat. §§6-1-105 *et seq.*:

g.      Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Conn. Gen. Stat. §§42-110a *et seq.*:

h.      Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Del. Code Ann §§2511 *et seq.* and §§2531 *et seq.*

i.      Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of D.C. Code §§28-3901 *et seq.*:

j.    Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Fla. Gen. Stat. §§501.201 *et seq.*:

k.    Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Ga. Code Ann. §§410-1372 *et seq.*:

l.    Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Haw. Rev. Stat. §§480-1 *et seq.*:

m.    Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Idaho Code Ann. §§48-601 *et seq.*:

n.    Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Ill. Comp. Stat.. §§501/1 *et seq.*:

o.    Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Ind. Code Ann. §§24-5-0.5-1 *et seq.*:

p.    Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Iowa Code. §§714.16 *et seq.*:

q.    Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Kan. Stat. Ann. §§55-623 *et seq.*:

r. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Ky. Rev. Stat. Ann. §§367.170 *et seq.*:

s. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of La. Rev. Stat. Ann. §§51:1401 *et seq.*:

t. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Me. Rev. Stat. Ann. tit. 5 §§205A *et seq.*:

u. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Md. Code Ann., Com. Law §§13-101 *et seq.*:

v. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Mass. Gen. L. Ch. 93A *et seq.*:

w. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Mich. Comp. Laws §§445.901 *et seq.*:

x. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices or consumer fraud in violation of Minn.Stat. §§325D.43 *et seq.* and §§325F.67 *et seq.*

y. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Miss. Code Ann. §§75-24-1 *et seq.*:

z. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Mo. Ann. Stat. §§407.010 *et seq.*:

aa. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Mont. Code Ann. §§30-14-101 *et seq.*:

bb. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Neb. Rev. Stat. §§59-1601 *et seq.*:

cc. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Nev. Rev. Stat. §§598.0903 *et seq.*:

dd. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of N.H. Rev. Stat. Ann. §§358-A:1 *et seq.*:

ee. Defendants have engaged in unfair competition or unfair, unconscionable or deceptive acts or trade practices in violation of N.J. Rev. Stat. §§56:8-1 *et seq.*:

ff. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of N.M. Stat.§§57-12-1 *et seq.*:

gg. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of N.Y. Gen. Bus. Law §§349 *et seq.* and §§350 *et seq.*

hh.   Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of N.C. Gen. Stat. §§75-1-1 *et seq.*:

ii.   Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of N.D. Cent. Code §§51-12-01 *et seq.* and §§51-15-01 *et seq.*

jj.   Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Ohio Rev. Code Ann. §§1345.01 *et seq.*:

kk.   Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Okla. Stat. tit. 15 §§751 *et seq.*:

ll.   Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Or. Rev. Stat. §§646.605 *et seq.*:

mm.   Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of 73 Pa. Stat. §§201-1 *et seq.*:

nn.   Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of R.I. Gen. Laws §§6-13.1-1 *et seq.*:

oo.   Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of S.C. Code Ann. §§39-5-10 *et seq.*:

pp. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of S.D. Codified Laws. §§37-24-1 *et seq.*:

qq. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Tenn. Code Ann. §§47-18-101 *et seq.*:

rr. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Tex. Bus. & Com. Code Ann. §§17.41 *et seq.*:

ss. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Utah Code Ann. §§13-11-1 *et seq.*:

tt. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Vt. Stat. Ann. tit. 9, §§2451 *et seq.*:

uu. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Va. Code Ann. §§59.1-196 *et seq.*:

vv. Defendants have engaged in unfair competition or unfair, deceptive or fraudulent acts or trade practices in violation of Wash. Rev. Code. §§19.86.010 *et seq.*:

ww. Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of W. Va. Code. §§46A-6-101 *et seq.*:

xx.    Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Wis. Stat. §§100.20 *et seq.*:

yy.    Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices in violation of Wyo. Stat. Ann. §§40-12-101 *et seq.*:

138.    Plaintiffs were injured by the cumulative and indivisible nature of Defendants' conduct. The cumulative effect of Defendants' conduct directed at consumers was to create demand for the sale and purchase of Defendants' undergarments/intimate apparel. Each aspect of Defendants' conduct combined to artificially create sales of Defendants' undergarments/intimate apparel.

139.    The general public relied upon Defendants' misrepresentations and omissions in determining what undergarments/intimate apparel to purchase.

140.    By reason of the unlawful acts engaged in by Defendants, Plaintiffs have suffered ascertainable loss and damages.

141.    Plaintiffs have provided or will provide any required notice to appropriate entities and authorities regarding Defendants' unfair and deceptive trade practices.

142.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs were damages by paying in whole or in part for Defendants' undergarments/intimate apparel.

143.    As a direct and proximate result of Defendants' violations of state consumer protection statutes, Plaintiffs have sustained economic losses and other damages for which they are entitled to statutory damages, compensatory damages and declaratory relief in an amount to be proven at trial. Defendants are liable to Plaintiffs jointly and severally for all

general, special and injunctive relief to which Plaintiffs are entitled by law.

## NINTH CAUSE OF ACTION AGAINST DEFENDANTS
## VIOLATION OF GBL §§349 AND 350

### (on behalf of the subclass)

144.     Plaintiff KIMBERLY MOSES, individually and on behalf of all others similarly situated, repeats, reiterates and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effects as if fully set forth herein.

145.     Defendants engaged in consumer-oriented, commercial conduct by selling and advertising the subject product.

146.     Defendants misrepresented and omitted material information regarding the subject product by failing to disclose known risks.

147.     Defendants' misrepresentations and concealment of material facts constitute unconscionable commercial practices, deception, fraud, false pretenses, misrepresentation, and/or the knowing concealment, suppression, or omission of materials facts with the intent that others rely on such concealment, suppression, or omission in connection with the sale and advertisement of the subject product, in violation of New York General Business Law ("GBL") §§ 349 and 350.

148.     New York has enacted statutes to protect consumers from deceptive, fraudulent, and unconscionable trade and business practices.  Defendants violated these statutes by knowingly and falsely representing that the subject product was fit to be used for the purpose for which it was intended, when Defendants knew it was defective and dangerous, and by other acts alleged herein.

149.     Defendants engaged in the deceptive acts and practices alleged herein in order to sell the subject product to the public, including Plaintiff.

150. As a direct and proximate result of Defendants' violations of GBL §§349 and 350, Plaintiff and Plaintiff Class and Subclass Members have suffered damages, for which they are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs and reasonable attorneys' fees.

## TENTH CAUSE OF ACTION AGAINST DEFENDANTS
## UNJUST ENRICHMENT

151. Plaintiff KIMBERLY MOSES, individually and on behalf of all others similarly situated, repeats, reiterates and realleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effects as if fully set forth herein.

152. Defendants have received benefits from Plaintiff and members of the Class and Subclass in the form of the prices Plaintiff and the members of the Class and Subclass paid for its undergarments/intimate apparel.

153. By failing to disclose to the Plaintiff, the members of the Class and Subclass and the public in general that its undergarments/intimate apparel is not safe for its intended purposes, the Defendants reaped millions of dollars in profits that they otherwise would not have obtained and caused Plaintiff and the members of the Class and Subclass to expend money on its undergarments/intimate apparel.

154. Defendants are aware of its receipt of those benefits.

155. Defendants received those benefits to the detriment of Plaintiff and each of the other members of the Class and Subclass.

156. Defendants continue to retain those benefits to the detriment of the Plaintiff and each of the other members of the Class and Subclass.

157. Under these circumstances, it would be inequitable and against good conscience for Defendants to retain those benefits.

158.    As a result of Defendants' unjust enrichment, Plaintiff and the members of the Class and Subclass have sustained damages in an amount to be determined at trial and seek full disgorgement and restitution of Defendants' ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged herein.

## ELEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
## MEDICAL MONITORING

159.    Plaintiff KIMBERLY MOSES, individually and on behalf of all others similarly situated, repeats, reiterates and reallages each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effects as if fully set forth herein.

160.    As a result of Defendants' actions as set forth hereinabove, which caused injuries to Plaintiff, members of Plaintiff Class and Subclass, which may progress significantly and substantially. Plaintiff and members of the Class and Subclass thus require medical monitoring in order to detect, prevent, ameliorate, and reduce the risk of injury and further injury.

161.    Defendants are responsible and accountable at law and in equity for this substantially increased risk of harm and injury; and are therefore liable to fund and pay for a comprehensive, Court-supervised program of medical monitoring and surveillance, diagnosis, and ongoing research, designed to eliminate or ameliorate further injury and harm, whether such relief is denominated characterized under applicable law as declaratory, injunctive, or equitable relief, or as damages. The Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Plaintiff Class and Subclass Members demand judgment against the Defendants, jointly and severally, as follows:

a.  An Order certifying the Class and Subclass, appointing Kimberly Moses as Class and Subclass Representative and appointing Parker Waichman Alonso LLP; Morgan & Morgan, P.A. and Becnel Law Firm, LLC as counsel to the Class and Subclass;

b.  Equitable, injunctive, and declaratory relief;

c.  Damages in an amount to be determined at trial, but in an amount exceeding the jurisdictional limits;

d.  Pre-judgment and post-judgment interest at the maximum rate allowable at law;

e.  Treble, exemplary, and/or punitive damages in an amount to be determined at trial;

f.  The costs and disbursements incurred by Plaintiff and Plaintiff Class and Subclass Members in connection with this action, including reasonable attorneys' fees;

g.  All statutory damages;

h.  Such other and further relief under all applicable state and federal law and any other relief the Court deems just and appropriate.

Dated:  Great Neck, New York
        November 19, 2008

By: _David B. K_____

Jerrold S. Parker (JP6665)
Andres F. Alonso (AA8307)
David B. Krangle (DK8085)
**PARKER WAICHMAN ALONSO LLP**
111 Great Neck Road, 1st Floor
Great Neck, New York 11021
Telephone: (516) 466-6500
Facsimile: (516) 466-6665
Email: DKrangle@yourlawyer.com

**MORGAN & MORGAN, P.A.**
**Scott Wm. Weinstein**
P.O. Box 9504
Fort Myers, Florida 33906-9504
Telephone: (239) 433-6880
Facsimile: (239) 433-6836

**BECNEL LAW FIRM, LLC**
**Daniel Becnel**
106 West 7th Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: (985) 536-1186
Facsimile: (985) 536-6445

Attorneys for Plaintiff